IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOEL LUTT, Personal Representative of the Estate of JULIE LUTT, Deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF HALL, a Nebraska Political Subdivision; CITY OF GRAND ISLAND, a Nebraska Political Subdivision; and DOES 1-5, in their individual and official capacities,<br><br>        Defendants. | Case No. 8:10-cv-440<br><br><br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL** |

Joel Lutt, Personal Representative of the Estate of Julie Lutt, Deceased, Plaintiff in the above-captioned matter, by and through his counsel of record, for his cause of action against Defendants, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Joel Lutt ("LUTT") is a resident of Grand Island, Nebraska.  Defendant County of Hall ("COUNTY") is a Nebraska political subdivision, as is Defendant City of Grand Island ("CITY"). Defendants DOES 1 - 5 are and were employed by Defendants COUNTY and CITY as correctional officers, jailers, and/or law enforcement officers at all relevant times, and are liable for their actions in their individual and official capacities.  Any and all actions undertaken by any and all of the Defendants constituted actions under color of state law.

2.

This action is brought pursuant to the provisions of 28 U.S.C. §§1331 and 1333 and 42

U.S.C. §1983. The proper venue for this action is the United States District Court for the District of Nebraska because the acts and omissions complained of herein occurred in Grand Island, Hall County, Nebraska.

## FACTUAL BACKGROUND

3.

In the early morning hours of January 11, 2009, Julie Lutt ("JULIE") was arrested by CITY police officers in Grand Island, Hall County, Nebraska and was taken to the Hall County Correctional Jail.

4.

During her arrest and incarceration at the Hall County Jail, JULIE exhibited unmistakable signs of mental illness, instability and/or suicidality. COUNTY agents and employees knew that JULIE was mentally ill, unstable and/or suicidal. In fact, Joel Lutt directly informed CITY's arresting officers that JULIE was psychotic, that JULIE took psychotropic medication, and that JULIE required close observation and medical care as a result of her serious mental illness.

5.

Upon arrival at the Hall County Jail, CITY had a duty to inform COUNTY of Joel Lutt's advisements that JULIE was mentally ill and required close observation and medical care. CITY also had a duty to inform COUNTY, if COUNTY were previously unaware, that JULIE had been committed to emergency protective custody earlier that year. Just so, COUNTY had a duty to inquire of CITY's arresting officers whether they were aware of information bearing on a detainee's health and welfare.

6.

It is a recognized phenomenon in corrections that many inmates are mentally ill, to the point of being physically incapable of making rational decisions and without the psychiatric ability to cope with stressors.  Assuming that COUNTY and CITY trained its employees in the recognition of and response to mental illness and suicidality, Defendants knew or should have known that JULIE's behavior triggered their duty to protect JULIE from her severe mental illness.

7.

COUNTY furthermore has particular reason to train its employees in the recognition of and response to mental illness and suicidality, because an unusually high number of inmates has attempted suicide in Hall County correctional facilities within the last 15 years.

8.

Put otherwise, COUNTY had every reason to be vigilant for signs of serious mental illness and self-harm toward inmates in general and toward JULIE in particular.  Yet, COUNTY agents and employees thereafter disregarded and were deliberately indifferent to warning signs in JULIE's words and behavior of mental illness and suicidality.

9.

COUNTY failed to appropriately monitor and observe JULIE; failed to respond to JULIE's visible signs and symptoms of mental illness; failed to seek medical evaluation of JULIE; and failed to house her in a cell where she would be safe.

10.

Several hours after her admission to the Hall County Jail on January 11, 2009, JULIE

sustained an extremely serious head injury from blunt force trauma.  She died two days later.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983

11.

LUTT incorporates Paragraphs 1-10 above as if fully set forth herein.

12.

JULIE had a right under the Constitution of the United States to be free from excessive punishment and indifference to her medical needs, as well as a right to due process and equal protection, by employees of governmental entities.

13.

At all times relevant to this Complaint, DOES 1-5 were acting under color of law – under the constitutions, statutes, administrative rules, customs, policies and usages of the County of Hall, State of Nebraska and the United States – and had assumed the responsibilities, activities, and rights involved in exercising their roles as members of COUNTY's professional staff.

14.

When JULIE was under Defendants' supervision and custody, Defendants acted with deliberate indifference to JULIE's known and recognized constitutional and legal rights to due process, equal protection and bodily integrity and to be free from excessive punishment and indifference to her medical needs.  Defendants actively participated in the deprivation of JULIE's constitutional rights by causing JULIE's injuries and death.

15.

DOES' conduct, within their duties as a member of COUNTY's professional staff, under color of state law, deprived JULIE of rights, privileges and immunities secured by the United States Constitution. Particularly, JULIE was deprived of her constitutional liberty interest in due process, equal protection and bodily integrity and in freedom from excessive punishment and indifference to her medical needs.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983

*Count I – Policy or custom of ignoring reports*

16.

CITY and COUNTY had a special relationship with JULIE, by virtue of the fact that CITY COUNTY had custody and control over JULIE. Due to her arrest and incarceration and her severe mental illness, JULIE could not care for her own medical needs while under arrest and while thereafter incarcerated. CITY and COUNTY knew this, and further knew that each had a duty to exercise reasonable care in the selection, training, assignment, supervision and retention of its professional staff, including DOES.

17.

By those failures set forth above, CITY and COUNTY acted with deliberate indifference to a known risk of constitutional deprivation to JULIE.

18.

As a result of CITY's and COUNTY's deliberate indifference to the risk of deprivation of JULIE's constitutional liberty interests, LUTT incurred damages as set forth below.

19.

JULIE could not have reasonably discovered that CITY and COUNTY had a custom or practice of tolerating misconduct by employees, and of failing to provide adequate training and staffing to implement reasonable mental health care and suicide prevention practices, because such knowledge was specifically held by officers and agents of CITY and COUNTY, including DOES. Moreover, JULIE was – as previously noted – severely mentally ill, and could not be reasonably expected to discover CITY's and COUNTY's harmful customs and practices, and to protect herself, because JULIE was in the grips of serious organic thought disorders.

*Count II – Failure to train*

20.

At all times relevant to this Complaint, CITY and COUNTY had a custom or practice of failing to train its employees to be observant of and act upon signs and indications of serious mental illness and suicidality in detainees. CITY and COUNTY failed to implement training materials and programs related to recognizing and understanding patterns of mental illness and suicide.

21.

By failing to train its employees to recognize warning signs and dangers of mental illness and suicidality in detainees, CITY and COUNTY acted with deliberate indifference to a known risk of constitutional deprivation to JULIE.

22.

As a result of CITY's and COUNTY's deliberate indifference to the risk of deprivation of JULIE's constitutional liberty interests set forth above, LUTT has incurred damages as set forth

below.

## THIRD CAUSE OF ACTION

## NEGLIGENCE – COUNTY

23.

During his incarceration, COUNTY had a duty of care to protect JULIE from harms against which she was unable to protect herself. This included the harm of JULIE's own serious mental illness.

24.

COUNTY either chose to not make reasonable inquiry regarding the circumstances of JULIE's arrest, or else chose to ignore information regarding the circumstances of JULIE's arrest. COUNTY thwarted its own suicide precaution procedure by, among other things, providing JULIE with the means to harm herself. COUNTY thereafter failed to monitor JULIE at a frequency commensurate with her known mental illness. COUNTY failed to seek reasonable evaluation and treatment of JULIE's medical condition in spite of its knowledge that JULIE's medical condition was so severe that it caused her to present an imminent risk of harm to herself.

25.

COUNTY failed to take reasonable measures to protect JULIE from harm. Its failures were a direct and proximate cause of JULIE's lethal injury and death, and thus of LUTT's damages.

26.

Pursuant to and in compliance with the Political Subdivisions Tort Claims Act, Plaintiff filed an administrative claim with Hall County on or about November 3, 2009. No action was taken on

the claim within six months (or thereafter), and Plaintiff withdrew the administrative claim on July 13, 2010.

## PUNITIVE DAMAGES

27.

Plaintiff incorporates by reference the allegations contained in paragraph 1-26 above as though fully set fourth herein.

28.

In addition to compensatory damages, LUTT hereby makes a claim for punitive damages against defendants in an amount to be proven at trial for the willful and wanton acts and omissions of Defendants, to include violation of JULIE's civil rights, as alleged herein.  The acts and omissions of Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the lives and safety of others, including JULIE. Defendants committed the acts and omissions alleged herein and subjected JULIE to improper treatment that caused JULIE to suffer psychological and psychiatric harm so severe that no person should be expected to endure it.  Defendants' actions should be punished, and an example should be made so that these actions and omissions are not repeated.

29.

The recovery of punitive damages is permitted under the federal civil rights statutes for reckless and callous indifference to the federally protected rights of others, and is thus appropriate in this case.  This instance of reckless and callous indifference to JULIE's safety and constitutional rights should be punished through the imposition of punitive damages so as to make an example of

conduct that will not be tolerated.

## ATTORNEY'S FEES

30.

Plaintiff incorporates by reference the allegations contained in 1-29 above as though fully set forth herein.

31.

As a result of defendants' actions as alleged herein, LUTT has been required to retain the services of attorneys and are entitled to a reasonable amount for attorney's fee pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.

## DAMAGES

32.

Plaintiff incorporates by reference the allegations contained in paragraph 1-31 above as though fully set forth herein.

33.

The acts and omissions of defendants as set forth above have resulted in JULIE's death and damages to LUTT. By virtue of these damages, LUTT is entitled to the following damages:

- A. Compensatory damages for the violation of JULIE's rights under the federal and state Constitutions;

- B. Funeral expenses were incurred following JULIE's death, which should have been absolutely unnecessary and needless, to the sum of not less than $5,000.00;

- C. His own loss of comfort, care, consortium, society and companionship in such amounts as are allowable by law;

D.  Punitive damages to punish and deter the reprehensible conduct alleged in this Complaint;

E.  Attorney's fees; and

F.  The costs of this action and such other and further relief as this Court deems equitable and proper.

34.

As a result of the negligent acts and omissions of Defendant described herein, JULIE sustained injuries that caused her conscious pain and suffering and mental anguish until her death.

**WHEREFORE,** Plaintiff prays for judgment against the defendants as follows:

A.  Plaintiff prays for damages in an amount which will fairly and justly compensate for the violation of JULIE's civil rights, their pain and suffering and other consequential damages flowing from the violations and torts set forth herein;

B.  Punitive damages in an amount sufficient to adequately punish defendants and to deter future conduct of the type alleged in this Complaint;

C.  For attorneys fees pursuant to 42 U.S.C. § 1988; and

D.  For the costs of this action and for such other and further relief as this Court deems equitable and proper.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

LUTT requests that this matter be tried to a jury in Omaha, Nebraska.

JOEL LUTT, Personal Representative of the Estate of JULIE LUTT, Deceased, Plaintiff,

By:   /s/ Maren Lynn Chaloupka
      Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Holyoke Hofmeister Snyder & Chaloupka
1714 2nd Avenue
P.O. Box 2424
Scottsbluff, NE  69363-2424
Telephone:  (308) 635-5000
Facsimile: (308) 635-8000
mlc@chhsclaw.net